UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL DAVIE, | ) | CASE NO. 1:06 CV 240 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| REGINALD WILKINSON, et al., | ) | <u>AND ORDER</u> |
| | ) | |
| Defendants. | ) | |

On January 31, 2006, this action was transferred from the Southern District of Ohio. Plaintiff <u>pro se</u> Michael Davie, an inmate at the Richland Correctional Institution (RICI), filed this 42 U.S.C. § 1983 action against the following defendants: Reginald Wilkinson, Dr. Bruce Martin, Dr Steven Huber, Ms. Harris, Dr. Fellner, Brian Cain, Larry Yoder, and DDS, Inc. The complaint raises numerous claims related to plaintiff's treatment for serious dental problems at the Madison Correctional Institution, Ross Correctional Institution, and at RICI. Prior to the transfer of this action, Judge Algenon L. Marbley determined that plaintiff had failed to exhaust administrative remedies concerning several of his claims, and these were dismissed without prejudice. For the reasons stated below, the remainder of the claims in this action

must be dismissed.

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998), cert. denied, 525 U.S. 833 (1998).  To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).  The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001).[1]

The United States Sixth Circuit Court of Appeals has adopted a "total exhaustion" requirement for prisoner complaints

---

[1] See also, Lyons-Bey v. Curtis, No. 01-1574, 2002 WL 203214 (6th Cir. Feb. 7, 2002)(indicating that plaintiff must exhaust each separate claim raised in his complaint); Fuller v. Calvin, No. 01-1814, 2002 WL 21998 (6th Cir. Jan. 4, 2002)(finding that plaintiff must present documents to the court indicating that he filed a grievance against each of the named defendants for the specific misconduct alleged in the complaint); Vandiver v. Martin, No. Civ. A.01-CV-71510-DT, 2002 WL 482549, slip op. (E.D. Mich. Mar. 5, 2002)(finding that the issues plaintiff raises in his complaint are limited to the specific issues and the specific individuals named in plaintiff's grievances).

which fall within the parameters of 42 U.S.C. §1997e. See <u>Rinard v. Luoma</u>, F.3d , 2006 WL 590360 (6th Cir. Mar. 13, 2006); <u>Bey v. Johnson</u>, 407 F.3d 801 (6th Cir. 2005). Under this rule, if any claim in the complaint has not been exhausted, the entire complaint must be dismissed for failure to exhaust administrative remedies. <u>Bey</u>, 407 F.3d at 806-07. The district court does not have the option to dismiss the unexhausted claims and proceed with the claims that have been submitted through the relevant grievance process. <u>Id.</u> A prisoner whose "mixed" complaint was dismissed may either wait until all of his claims have been exhausted to file his action, or file a new action which contains only the exhausted claims. <u>Id.</u> at 808. Because it has already determined in this case that plaintiff failed to exhaust each claim against each defendant, the court is required by the rule of total exhaustion to dismiss the complaint in its entirety.

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. § 1997e. Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

<u>/s/ Patricia A. Gaughan</u>
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 3/16/06